UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| KRISTA M. TATE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:22-CV-90 RLW |
| ) | |
| JARED L. MAJORS, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on self-represented plaintiff Krista M. Tate's application to proceed in the district court without prepaying fees and costs. The Court will grant plaintiff's application and waive the filing fee. On initial review, the Court will dismiss plaintiff's complaint without prejudice, for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed without prepayment of fees and costs if it is frivolous, is malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether

a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a self-represented plaintiff's complaint under 28 U.S.C. § 1915, the Court accepts the well-pled facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff assuming facts that had not been pled).

**Background**

Based on plaintiff's allegations and the supplement to her complaint (ECF No. 3), on December 21, 2020, she went to AVENUES Domestic and Sexual Violence Advocacy Services in Hannibal, Missouri to obtain legal services. Plaintiff sought to file a motion for protective order against her ex-husband, Jared L. Majors, and a custody order that would allow her sole custody of her daughter, LJM. *See* ECF No. 3 at 36. Plaintiff was referred to Legal Services of Eastern Missouri. On January 8, 2021, attorney Julia Chaney-Faughn from Legal Services of Eastern Missouri agreed to represent plaintiff. *Id.* at 37. On January 22, 2021, Ms. Cheney-Faughn filed a motion for protective order and for child custody in the Circuit Court for Marion County, State of Missouri. *See Tate v. Majors*, No. 21MR-CV00086 (10th Jud. Cir., Marion Cnty. 2021).[1]

---

[1] Review of this case has been complicated because there is no record of *Tate v. Majors*, No. 21MR-CV00086 (Marion Cnty. Cir. Ct. 2021), available on the Missouri courts' docketing system, Missouri Case.net. In her complaint, plaintiff repeatedly cites her case as No. 21MR-

On May 11, 2021, Harold E. Majors, Jr. and Lory Majors (Jared Majors' parents) filed a Petition for Appointment of Co-Guardians, alleging plaintiff was unable to assume the duties of guardianship. *See In re: LJM*, No. 21-MR-PR00048 (10th Jud. Cir., Marion Cnty. May 11, 2021). They also filed a motion to intervene in plaintiff's ongoing protective order and custody case. *See* Doc. 3 at 61. On May 24, 2021, plaintiff requested a change of judge and change of venue because Lori Majors is the Clerk for the Marion County Circuit Court. *See* ECF No. 3 at 55. On June 17, 2021, the Supreme Court of Missouri assigned the Majors' petition for co-guardianship to Judge Holly Conger-Koenig, from the Clark County Circuit Court, *In re: LJM*, No. 21MR-PR00048 (10th Jud. Cir., Marion Cnty. Jun. 17, 2021).

On August 2, 2021, plaintiff's attorney Julia Chaney-Faughn filed a motion to withdraw as counsel, which was granted by the state court. On September 20, 2021, Judge Conger-Koenig held a hearing on the Majors' petition for appointment of co-guardianship. Plaintiff did not appear at the hearing. On September 24, 2021, Judge Conger-Koenig entered a Judgment appointing Lory and Harold Majors as co-guardians of LJM.

On December 16, 2021, plaintiff filed a motion to set aside and vacate the Judgment appointing the Majors as co-guardians. She was represented by attorney Candy Ries. Plaintiff stated she had a stable home, was employed, and was capable of providing for LJM's health, safety, and welfare.

---

CV00086. She has attached to her complaint several filings from this case, *see* ECF No. 3 at 61-62, 81-83, and 98-22. For reasons unknown to this Court, there is no record of plaintiff's underlying motion for protective order and for child custody on Missouri Case.net.

On May 15, 2021, a "Judge's Docket Sheet" was filed in *In re: LMJ*, No. 21MR-PR00048. On May 13, 2021, the following entry was made on the Judge's Docket Sheet under the caption "Documents Filed/Action Taken in Case": "Matter assigned to Judge David Mobley to be heard simultaneously w[ith] juvenile case." Based on this entry, it appears plaintiff's motion for protective order and for child custody was heard simultaneously with Harold and Lory Majors' petition for co-guardianship.

On February 2, 2022, Judge Conger-Koenig denied plaintiff's motion. Judge Conger-Koenig addressed plaintiff's failure to attend the hearing on the Majors' petition for co-guardianship despite having received notice and the opportunity to hire new counsel, and stated:

> In this case, the Natural Mother was represented by an attorney and then fired said attorney. At no time did Natural Mother's attorney object to the pleadings in this matter or the sufficiency of the pleadings. After Natural Mother fired her counsel, the court set several Webex hearings to have this matter set for hearing and Natural Mother was present for those trial settings and stated she was going to hire new counsel and was given opportunities to do so. The court did set and conduct a hearing, but Natural Mother did not appear even after a notice was sent to her. The court understands Ms. Ries is arguing that the pleadings in this matter were not proper and therefore the judgment is irregular, but the case law points to irregular judgments as being judgments that either have a deficiency on the face of the judgment or the procedure was not followed properly, such as not allowing a hearing or not sending proper notice of hearing to a party. In this case, none of those issues are present and as such the court denies the motion to set aside and vacate judgment.

*In re: LJM*, No. 21MR-PR00048 (10th Jud. Cir., Marion Cnty. Feb. 2, 2022). Plaintiff did not file an appeal of this decision.

## The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983 alleging defendants Jared L. Majors, her ex-husband; Julia Chaney-Faughn, her lawyer; Lory Majors, her former mother-in-law, Harold E. Majors, Jr., her former father-in-law; and Holly Koenig-Connor, a Judge in the Circuit Court of Clark County, Missouri, violated her constitutional rights in an underlying state court custody matter. *See In re: LJM*, No. 21MR-PR00048 (10th Jud. Cir., Marion Cnty. May 11, 2021).

As an initial matter, Plaintiff filed her complaint on the Court's form for a petition under 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody. Plaintiff is not in state custody and is not challenging any criminal sentence. The Court will construe her filing as being brought under 42 U.S.C. § 1983 for violations of her constitutional rights.

Plaintiff alleges that Lory Majors is the Clerk of Court for the Marion County Circuit Court and that this fact creates "an unwaivable conflict of interest," such that this District Court has

jurisdiction over this child custody matter. Plaintiff also alleges she is unable to hire an attorney because of this alleged conflict of interest. She claims the case belongs in this District Court because of "unwaivable conflict [of interest] between Christine Tate, Lory Majors, Harold Majors, Jr., Jared Majors, Julia-Chaney-Faughn, Judge Rachel Bringer Shepherd, Judge John Jackson, [Meredith] Morrow, [] on and on."

For relief, plaintiff seeks the dismissal of the Majors' guardianship and custody of her daughter, LJM. She also seeks her attorney fees of $3,800 and fees "for my service on this petition $1,500."

**Discussion**

As stated above, although filed as a petition under 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody, the Court will liberally construe plaintiff's filing as a case brought for violation of plaintiff's constitutional rights under 42 U.S.C. § 1983. Plaintiff's filing will be dismissed for failure to state a claim upon which relief may be granted.

*A. Defendants Jared L. Majors, Julia Chaney-Faughn, Lory Majors, Harold E. Majors, Jr.*

To state a claim for relief under 42 U.S.C. § 1983, "a plaintiff must allege sufficient facts to show (1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right." *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010). To that end, a defendant can only be held liable pursuant to §1983 for actions taken under color of state law. *Carlson v. Roetzel & Andress*, 552 F.3d 648, 650 (8th Cir. 2008); *see also Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975 (8th Cir. 1993) (stating that § 1983 secures constitutional rights from government infringement, not infringement by private parties).

When a private party acts under color of state law, it can be held liable under § 1983. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004). However, a

private party may only be held liable "if it is a willful participant in joint activity with the State or its agents." *Gibson v. Regions Fin. Corp.*, 557 F.3d 842, 846 (8th Cir. 2009). To state a claim against a private party under § 1983, the plaintiff "must allege, at the very least, that there was a mutual understanding, or a meeting of the minds, between the private party and the state actor." *Mershon v. Beasley*, 994 F.2d 449, 451 (8th Cir. 1993).

Plaintiff alleges the following private actors violated her constitutional rights: Jared Majors, Julia Chaney-Faughn, Lory Majors, and Harold E. Majors, Jr. Although Lory Majors is alleged to be the Clerk of the Marion County Circuit Court, she cannot be appropriately characterized as a state actor in the underlying child custody matter. The allegations in the complaint indicate Ms. Majors was acting only as a private individual seeking co-guardianship of her granddaughter, and that she was in no sense a state actor. Plaintiff has not alleged that any of the other individuals were participating in joint activity with the State or its agents. Because defendants Jared L. Majors, Julia Chaney-Faughn, Lory Majors, and Harold E. Majors, Jr. are not state actors and there are no facts suggesting they conspired with state actors, the Court will dismiss plaintiff's federal constitutional claims against these defendants.

B. *Defendant Holly Koenig-Conger*

Plaintiff also names as a defendant Judge Holly Koenig-Conger, the Circuit Judge in Clark County, Missouri, who presided over plaintiff's custody dispute. Because a judicial officer, exercising the authority in which she is vested, should be free to act upon her own convictions, judicial immunity provides a judge with immunity from suit. *Hamilton v. City of Hayti, Mo.*, 948 F.3d 921, 925 (8th Cir. 2020). "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). This immunity applies even when the judge is accused of acting maliciously or corruptly. *Pierson v. Ray*, 386 U.S. 547, 554 (1967); *see also Woodworth v. Hulshof*, 891 F.3d

1083, 1090 (8th Cir. 2018) (stating that "judicial immunity is not overcome by allegations of bad faith or malice").

A judge's immunity from § 1983 actions bars a plaintiff's recovery in all but two narrow sets of circumstances. *Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012). First, a judge does not have immunity for non-judicial actions. *Duty v. City of Springdale, Ark.*, 42 F.3d 460, 462 (8th Cir. 1994). "An act is a judicial act if it is one normally performed by a judge and if the complaining party is dealing with the judge in his judicial capacity." *Birch v. Mazander*, 678 F.2d 754, 756 (8th Cir. 1982). Second, a judge is not immune from lawsuits based on actions taken in the complete absence of jurisdiction. *Duty*, 42 F.3d at 462.

Plaintiff has made no allegations that Judge Koenig-Conger was acting outside her normal judicial duties. Plaintiff's conclusory and unsupported allegations that Judge Koenig-Conger did not have jurisdiction over the case are meritless. Judge Koenig-Conger was appointed by the Supreme Court of Missouri to preside over plaintiff's child custody matter because the judges in Marion County were deemed to have conflicts of interest based on Lory Majors' position as Clerk of the Court of Marion County. *See In re: LJM*, No. 21MR-PR00048 (10th Jud. Cir., Marion Cnty. Jun. 17, 2021). Thus, Judge Koenig-Conger's judicial actions were taken with jurisdiction. Because plaintiff's allegations fall squarely within the judicial immunity provided to Judge Koenig-Conger, her complaint will be dismissed as to this defendant without prejudice.

C. *Plaintiff's Claims are not Cognizable Under 42 U.S.C. § 1983*

Finally, the substance of plaintiff's claims is not cognizable under § 1983. What plaintiff seeks is the modification or overturning of the state court order deciding guardianship of LJM. Other than the United States Supreme Court, federal courts do not have jurisdiction to review challenges to state court decisions on the ground that the decision violated a party's federal constitutional rights. *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983); *Rooker*

*v. Fidelity Tr. Co.*, 263 U.S. 413 (1923); *see also Kahn v. Kahn*, 21 F.3d 859, 861 (8th Cir. 1994). This *Rooker-Feldman* doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Plaintiff's claims in this case are precisely of the kind encompassed by the *Rooker-Feldman* doctrine and excluded from federal jurisdiction.

### Conclusion

For all of the foregoing reasons, the Court will dismiss without prejudice plaintiff's complaint on initial review under 28 U.S.C. § 1915(e)(2)(b).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in the district court without prepaying fees and costs is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that this action is **DISMISSED without prejudice**.

An Order of Dismissal will accompany this Memorandum and Order.

_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 29th day of June, 2023.